Filed March 13, 1895.

———————◆———————

No. 1,569.

MILLER ET AL., ADMINISTRATORS, *v.* NUGENT, ADMINIS-
TRATOR.

CONTRACT.—*For Sale of Land.*—A agreed by parol to sell to B a farm for $13,000, and subsequently A, having an opportunity to sell the farm to other parties for $13,800, telegraphed B saying: "Will you take $400 and let them have it, or will you take it at $13,400?" To which B replied: "I will take $400 and let them have the farm." A did not sell the farm to such other parties, but negotiated further with B concerning the sale of the farm to him, which was never accomplished. B did not intimate that he was entitled to the $400 mentioned in the telegrams until his negotiations with A had ended. *Held,* that B was not entitled to the $400.

From the Shelby Circuit Court.

*E. P. Ferris*, for appellants.

*D. L. Wilson*, for appellee.

DAVIS, J.—In the early part of 1891 William Miller, the father-in-law of Frank Hulsman, was the owner of a farm, which he agreed by parol to sell to his said son-in-law for $13,000. No writings were prepared and signed,

nor was anything paid, and in fact nothing was done by either of the parties in pursuance of the terms of the agreement. The agreement created no binding obligation and could not have been enforced by either of the parties. Miller soon afterwards telegraphed Hulsman that he had an opportunity to sell the farm for $13,800, and said: "Will you take $400 and let them have it, or will you take it at $13,400."

It will be observed that this telegram contained no proposition to pay him $400 or to sell the farm to him for $13,400.

To this inquiry Hulsman replied, by telegram, as follows: "I will take $400 and let them have the farm." Miller, however, did not sell the farm, and afterwards several letters passed between Miller and Hulsman in the nature of negotiations for the sale of the farm by Miller to Hulsman, but the correspondence indicates that the parties were never able to agree on all the terms and conditions of the sale. The parties both died, and appellee, as administrator of Hulsman's estate, filed a claim against appellants as administrators of Miller's estate, based on the telegrams hereinbefore set out for the recovery of $400 for the alleged release of the land contract by said Hulsman.

In the view we take of the case, appellee was not entitled to recover in this action on the evidence, giving it the most favorable construction in his behalf, and therefore it will not be necessary to consider the other questions presented by the record.

In the light of the oral agreement for the sale of the farm for $13,000, Miller, by his telegram, appears to have recognized that he was under such obligations,— moral if not legal,—to Hulsman that he should not sell the farm to other parties, even for an increased price, without making satisfactory terms with him. Therefore,

he asks Hulsman whether he will let other parties have the farm at $13,800 and take $400 of the money,—one-half of the increase,—or whether he will take the farm at $13,400 himself, to which Hulsman replies he will take $400 and let the other parties have the farm. There was no answer to this telegram.

If we should regard the inquiry in the first telegram as a promise to pay $400, and if we should hold that there was a consideration for the promise, the undisputed fact would yet remain that the promise was made only on the condition that the other parties should purchase the farm for $13,800. As the farm was not sold to them or to any other parties for $13,800, or any other price, there was in no event any obligation to pay the $400. If the parol agreement for the sale of the farm by Miller to Hulsman for $13,000 was binding and enforceable, it was not rescinded by the telegrams, except on the condition that the other parties should purchase the farm for $13,800. After the interchange of the telegrams and on the failure of the other parties to take the farm, the rights and obligations of Miller and Hulsman, if any, growing out of the oral agreement between them in relation to the sale of the farm remained the same as they were before the telegrams were passed. Hulsman, however, did not insist on his rights, if any, under the oral agreement referred to, but he and Miller continued to correspond for more than three months after the interchange of the telegrams in their efforts to agree upon the sale of the farm by Miller to him, but failed to reach a conclusion that was mutually satisfactory. Hulsman never intimated that he was entitled to the $400 mentioned in the telegrams until after all the negotiations between himself and Miller in their efforts to agree upon the terms and conditions for the sale of the farm had failed.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.

Filed April 12, 1895.